UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    -v-

JOEL SPIGELMAN,
                    Defendant.

05-CR-960 (JPO)

10-CV-7588 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

    Joel Spigelman, proceeding *pro se*, has filed motions (1) to vacate the prior denial of his petition for relief under 28 U.S.C. § 2255 and (2) for a sentence reduction under the "compassionate release" statute, 18 U.S.C. § 3582(c)(1)(A).

I

    Spigelman invokes Rule 60(b) of the Federal Rules of Civil Procedure in requesting that the previous denial of his § 2255 petitions be vacated. First, this motion is untimely. As this Court previously ruled (*see* ECF No. 191), a Rule 60(b) motion, if based on allegations of fraud, misrepresentation, or misconduct by an opposing party, must be made within a year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). And motions under Rule 60(b)(6), which provides relief for "any other reason," must be "made within a reasonable time," Fed. R. Civ. P. 60(c)(1), which Courts in this Circuit have interpreted to be "within eighteen months of the entry of judgment," absent good cause, *Rowe Entm't v. William Morris Agency Inc.*, No. 98 Civ. 8272, 2012 WL 5464611, at *2 (S.D.N.Y. Nov. 8, 2012). Spigelman's latest motion was filed more than ten years after Judge Scheindlin denied his first § 2255 motion and declined to grant a certificate of appealability on August 21, 2012, and more than three years after the Second Circuit dismissed his appeal of that denial on March 20, 2013. The motion is thus untimely even under the more forgiving standard of Rule 60(b)(6).

1

Second, the only identifiable claim in the Defendant's filing—that government witnesses lied at trial and that the Defendant did not order the murder—is not cognizable on a Rule 60(b) motion, as the Court previously explained.  (*See* ECF No. 191 at 6-7.)

Finally, to the extent that Spigelman is seeking again to challenge his underlying conviction, his motion fails.  The Defendant has filed multiple petitions under § 2255, and Judge Scheindlin rejected these claims in ruling on his first petition.  For the reasons explained by the Second Circuit in its recent order denying Spigelman's fourth motion for leave to file a successive petition under § 2255, he has not made the requisite showing for the filing of successive petition under § 2255(h).  (*See* ECF No. 240 (Second Circuit Order in 23-6291 & 23-6450 dated Oct. 17, 2023; mandate issued Dec. 27, 2023).)

II

Spigelman has also filed a renewed motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  This Court denied prior requests for a sentence reduction in December 2020 and December 2021.  (*See* ECF Nos 205, 225.)

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  Section 3582(c) of Title 18, as amended by the First Step Act of 2018, provides that a district court "may reduce [a defendant's] term of imprisonment . . . , after considering the factors set forth in [18 U.S.C.] section 3553(a), . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission has recently issued policy statements clarifying what circumstances provide "extraordinary and compelling reasons" for a sentence reduction when a

defendant brings such a motion. Under the amended Section 1B1.13(b) of the Guidelines, such reasons may include "the medical circumstances" and "age" of the defendant.

Even if a court finds extraordinary and compelling reasons, before granting a sentence reduction the court must also conclude that a sentence reduction is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Defendant has satisfied the exhaustion requirement of the statute, as he submitted a request for early release to the warden and it was denied on March 31, 2023. (*See* ECF No. 241 at 18.)

Defendant has served approximately 18 years of his term of life imprisonment imposed by Judge Scheindlin. He is now 70 years old and has a number of health conditions. However, the record indicates that he appears to be receiving appropriate treatment at the Federal Medical Facility at Rochester, Minnesota, where he is housed.

Despite Defendant's medical conditions, the Court again finds that a reduction in his sentence is not warranted under the sentencing factors in 18 U.S.C. § 3553(a). For the reasons explained by Judge Scheindlin at sentencing, the premediated murder committed by Defendant was an extremely serious, heartless crime. Granting early release at this time would fall short of serving the statutory purposes of just punishment, reflecting the seriousness of the offense, promoting respect for the law, and affording adequate deterrence to criminal conduct.

III

For the foregoing reasons, Defendant's motion for relief under Rule 60(b) and motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) are denied.

The Clerk of Court is directed to:

1. docket this order in Case Numbers 05-CR-960 and 10-CV-7588;
2. close the motions at ECF Numbers 234 and 241 in Case Number 05-CR-960;
3. close the motion at ECF Number Number 6 in Case Number 10-CV-7588;
4. mail a copy of this order to the Defendant at the address below.

SO ORDERED.

Dated: January 22, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge

Mail to:

Joel Spigelman
#57380 – 004
FMC Rochester
P.O. Box 4000
Rochester, MN 55903